**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone:  (973) 644-0770
Attorney of Record: Philip D. Stern
Attorneys for Plaintiffs, Dolores Krug, Bruce
Huffman, Donald Marso, Jonathan Supler, and
all others similarly situated

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOLORES KRUG, an individual; BRUCE HUFFMAN, an individual; and DONALD MARSO, an individual; JONATHAN SUPLER, an individual; on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No.: _____ |
| vs. | |
| | **CLASS ACTION COMPLAINT** |
| FOCUS RECEIVABLES MANAGEMENT, LLC, a Georgia Limited Liability Company;  and JOHN AND JANE DOES NUMBERS 1 THROUGH 50, | |
| Defendants. | |

Plaintiffs, DOLORES M. KRUG, BRUCE HUFFMAN, DONALD

MARSO, and JONATHAN SUPLER, on behalf of themselves and all those

similarly situated, by way of this Class Action Complaint against Defendants, say:

## I. PARTIES

1.      KRUG is a natural person.

2.      At all times relevant to this complaint, KRUG was a citizen of, and resided in, the Township of Millville, Cumberland County, New Jersey.

3.      HUFFMAN is a natural person.

4.      At all times relevant to this complaint, HUFFMAN was a citizen of, and resided in, the City of Advance, Stoddard County, Missouri.

5.      MARSO is a natural person.

6.      At all times relevant to this complaint, MARSO was a citizen of, and resided in, the City of Monona, Dane County, Wisconsin.

7.      SUPLER is a natural person.

8.      At all times relevant to this complaint, SUPLER was a citizen of, and resided in, the City of Raleigh, Wake County, North Carolina.

9.      At all times relevant to this complaint, FOCUS RECEIVABLES MANAGEMENT, LLC is a for-profit limited liability company existing pursuant to the laws of the State of Georgia. Based on information and belief, FOCUS maintains its principal business address at 1130 Northchase Parkway, Suite 150, City of Marietta, Cobb County, Georgia.

10.      Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are sued under fictitious names as their true names and capacities are yet unknown

to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

11.    Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of FOCUS that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by FOCUS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II.  JURISDICTION & VENUE

12.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

13.    Declaratory relief is available pursuant to under 28 U.S.C. §§2201, 2202.

14.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to KRUG's claims occurred within this federal judicial district, and because the Defendant, FOCUS, is subject to personal jurisdiction in the State of New Jersey at the time this action

is commenced.

15.     HUFFMAN, MARSO, and SUPLER join their claims with KRUG pursuant to Fed. R. Civ. P. 20(a)(1) because those claims are with respect to or arise out of the same occurrence or series of transactions or occurrences as KRUG's claims, and a question of law or fact is common to all Plaintiffs.

### III.  PRELIMINARY STATEMENT

16.     Plaintiffs, on their own behalf and on behalf of the class they seek to represent, bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs and others.

17.     Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"). Such practices include, *inter alia*:

(a)     Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of FOCUS's identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

18.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a) - (e).

19.     The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

20.     To prohibit harassment and abuse by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and enumerates a non-exhaustive list of such conduct which is deemed to violate that section. 15 U.S.C. §1692d(1)-(6). In

that list is the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. §1692d(6).

21.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and enumerates a acts and omissions which are deemed to violate that section. 15 U.S.C. §1692e(1)-(16). In that list is the failure by debt collectors to disclose, in initial oral communications, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and, in subsequent communications, that the communication is from a debt collector. 15 U.S.C. §1692e(11).

22.    The Plaintiffs, on behalf of themselves and all others similarly situated, seek certification of this action as a class action, statutory damages pursuant to the FDCPA, attorney fees, costs, declaratory judgment and all other relief, equitable or legal in nature, as deemed appropriate by this Court.

## IV. FACTS CONCERNING KRUG

23.    Sometime prior to March 2008, KRUG allegedly incurred a financial obligation ("Krug Obligation").

24.    The Krug Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are

primarily for personal, family, or household purposes.

25.     FOCUS contends that the Krug Obligation is in default.

26.     The Krug Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

27.     KRUG is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

28.     KRUG is informed and believes, and on that basis alleges, that sometime prior to March 2008, the creditor of the Krug Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to FOCUS for collection.

29.     On August 21, 2008, September 14, 2008, and September 23, 2008 (as well as on June 6, 2008, June 12, 2008, June 18, 2008, June 21, 2008, June 30, 2008), FOCUS left KRUG the following pre-recorded message on her home answering machine:

> Hello, please contact Julie Lewis at 866-918-2469 regarding a personal business matter. Again, that number is 866-918-2469. Thank you.

30.     Each of the messages conveyed information regarding a debt to KRUG.

## V. FACTS CONCERNING HUFFMAN

31.     Sometime prior to September 2008, HUFFMAN allegedly incurred a financial obligation ("Huffman Obligation").

32.     The Huffman Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

33.     FOCUS contends that the Huffman Obligation is in default.

34.     The Huffman Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

35.     HUFFMAN is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

36.     HUFFMAN is informed and believes, and on that basis alleges, that sometime prior to September 2008, the creditor of the Huffman Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to FOCUS for collection.

37.     On multiple dates in or about September 2008, FOCUS left HUFFMAN the following pre-recorded message on his home answering machine:

> This message is for -- Bruce Huffman. This is Miss Mack, I am requesting a call back from you today. You can contact my office toll-free, 1-888-379-9266; my direct extension is 2001. Again, it is imperative that you do contact my office today. This is not a sales or solicitation call, contact my office, 1-888-379-9266.

38.     On multiple dates in or about September 2008, FOCUS left HUFFMAN the following pre-recorded message on his home answering machine:

> Hi, this is Chris Smith, calling regarding a personal

business matter. Please return my call at 877-623-6287.
Once again, please call Chris Smith at 877-623-6287.
Thank you.

39.     Each of the messages conveyed information regarding a debt to HUFFMAN.

## VI. FACTS CONCERNING MARSO

40.     Sometime prior to January 2009, MARSO allegedly incurred a financial obligation ("Marso Obligation").

41.     The Marso Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

42.     FOCUS contends that the Marso Obligation is in default.

43.     The Marso Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

44.     MARSO is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

45.     MARSO is informed and believes, and on that basis alleges, that sometime prior to January 2009, the creditor of the Marso Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to FOCUS for collection.

46.     On January 15, 2009, January 20, 2009, January 21, 2009, January 22, 2009, January 23, 2009, January 25, 2009, January 26, 2009, January 27, 2009,

FOCUS left MARSO the following pre-recorded message on his home answering machine:

> Please contact Jane Cross at 1-877-623-6287 between the hours of 8:00 a.m. and 9:00 p.m. Monday through Thursday, and 8:00 a.m. to 5:00 p.m. on Fridays. Thank you.

47.    On February 4, 2009, FOCUS left MARSO the following pre-recorded message on his home answering machine:

> Please call Ashley Boyle at 1-877-623-6287. Once again, my number is 1-877-623-6287. Thank you.

48.    On February 25, 2009, FOCUS left MARSO the following pre-recorded message on his home answering machine:

> Please contact the Office of Raymond Edge regarding a personal business matter. That toll-free number is 1-877-623-6287. Once again,  877-623-6287. Thank you.

## VII. FACTS CONCERNING SUPLER

49.    Sometime prior to April 2009, SUPLER allegedly incurred a financial obligation ("Supler Obligation").

50.    The Supler Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

51.    FOCUS contends that the Supler Obligation is in default.

52.    The Supler Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

53.     SUPLER is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

54.     SUPLER is informed and believes, and on that basis alleges, that sometime prior to April 2009, the creditor of the Supler Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to FOCUS for collection.

55.     On or about April 12, 2009, FOCUS left SUPLER the following pre-recorded message on his home answering machine:

> This is Brad Smith, please return my call at 1-866-913-2236; my direct extension is 241.

56.     On or about April 12, 2009, FOCUS left SUPLER the following pre-recorded message on his home answering machine:

> Please contact the office of Michelle Murray. I can be reached at 1-800-514-4778. This is regarding an important business matter. Again, contact my office at 1-800-514-4778. Thank you.

57.     On multiple occasions or about June 26, 2009, FOCUS left SUPLER the following pre-recorded message on his home answering machine:

> Garcia at 1-800-514-4778. Once again, the number is 1-800-514-4778. Thank you.

58.     On or about June 26, 2009, FOCUS left SUPLER the following live message on his home answering machine:

> Hi, I'm trying to get in touch with Jonathan Supler. John,

this is Nicole Dorbey. If you can please give me a call back at 1-866-913-2236, extension 274. Thank you.

## VIII. FACTS COMMON TO ALL PLAINTIFFS

59.     FOCUS collects and attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

60.     FOCUS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

61.     Within the one year immediately preceding the filing of this complaint, FOCUS placed telephone calls to each of the Plaintiffs and left "live" and pre-recorded telephonic voice messages on their home telephone answering machines.

62.     Each message conveyed information regarding a debt to KRUG, HUFFMAN, MARSO, and SUPLER.

63.     Each message is a "communication" as defined by 15 U.S.C. §1692a(2).

64.     Each message was left by, or caused to be left by, persons employed by FOCUS.

65.     Each message failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

66.     Each message failed to identify FOCUS by name as the caller.

67.     Each message failed to disclose that the communication was from a

debt collector.

68.    Each message is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

69.    Each message is false, deceptive, and misleading insofar as FOCUS failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that FOCUS is a debt collector, thereby circumventing Congress's intent to permit the Plaintiffs to make an informed decision as to whether he wished to speak with a debt collector.

## IX.  POLICIES AND PRACTICES COMPLAINED OF

70.    It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the messages, that violate the FDCPA by uniformly failing to:

(a)    Provide meaningful disclosure of FOCUS's identity as the caller;

(b)    Disclose the purpose or nature of the communication (namely, an attempt to collect a debt); and

(c)    Disclose that the communication was from a debt collector.

71.    On information and belief, the messages, as alleged in this complaint under the Facts Common to All Plaintiffs, number at least in the thousands.

# X.  CLASS ALLEGATIONS

72.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

73.     The Plaintiff Class consists of all persons with addresses in the United States of America who received a telephonic voice message from FOCUS during a telephone call placed by after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify FOCUS as the caller, , state the purpose or nature of the call, or disclose that the call was from a debt collector.

74.     The identities of all class members are ascertainable from the records of FOCUS and those entities on whose behalf it attempt to collects debts.

75.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of FOCUS and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

76.     The class period is one year prior to the filing of the initial complaint in this action and continues up to and including the date of preliminary class certification.

77.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the messages, violate 15 U.S.C. §§1692d(6) and 1692e(11).

78.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

79.     The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint.

80.     The Plaintiffs have retained counsel whom they seek to be appointed by the Court as class counsel.

81.     Plaintiffs' counsel is experienced in handling consumer lawsuits, complex litigation, and class actions, and has knowledge of the applicable law.

82.     Neither the Plaintiffs nor their attorneys have any interests which might cause them not to vigorously pursue this action.

83.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the messages, violate 15 U.S.C. §§1692d(6) and 1692e(11).

(c) **<u>Typicality:</u>** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because

individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

84.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for FOCUS, which, on information and belief, collects debts throughout the United States of America.

85.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

86.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## XI.  CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

87.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

88.     Defendants violated the FDCPA. Defendants' violations with respect to the messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of FOCUS's identity as the caller in violation of 15 U.S.C. §1692d(6);

(b)     Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (namely, an attempt to collect a debt) in violation of 15 U.S.C. §1692d(6); and

(c)     Failing to disclose in all oral communications that FOCUS is a "debt collector" in violation of 15 U.S.C. §1692e(11).

## XII.  PRAYER FOR RELIEF

89.     WHEREFORE, Plaintiffs respectfully request that the Court enter

judgment in their favor and in favor of the Plaintiff Class as follows:

(a)     *Class Certification.* An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(b)     *Statutory Damages.* An award of the maximum "additional damages" for Plaintiffs and the Plaintiff Class pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B);

(c)     *Declaratory Relief.* Declaratory relief, pursuant to 28 U.S.C. §§2201, 2202, adjudicating that FOCUS's messages violate the FDCPA;

(d)     *Counsel Fees and Costs.* Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(B)(3); and

(e)     *Other Relief.* For such other and further relief as may be just and proper.

**WACKS & HARTMANN, LLC**

Dated: August 21, 2009                    */s/ Philip D. Stern*
                                    PHILIP D. STERN
                        Attorneys for Plaintiffs, DOLORES M. KRUG,
                        BRUCE HUFFMAN, and DONALD MARSO
                            and  all others similarly situated