UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DELORES KRUG, et al.,              :
                                   :    HONORABLE JOSEPH E. IRENAS
              Plaintiffs,          :
                                   :  CIV. ACTION NO. 09-4310(JEI/AMD)
     v.                            :
                                   :         **OPINION**
FOCUS RECEIVABLES MANAGEMENT, :
LLC,                               :
                                   :
              Defendant.           :


**APPEARANCES:**

PHILIP D. STERN & ASSOCIATES, LLC
By:  Philip D. Stern, Esq.
55 Madison Avenue, Suite 320A
Morristown, New Jersey 07960
          Counsel for Plaintiffs

BUDD LARNER, P.C.
By:  Virginia A. Pallotto, Esq.
150 J.F.K. Parkway, Third Floor
Short Hills, New Jersey 07078
          Counsel for Defendant


**IRENAS**, Senior District Judge:

     Plaintiffs Dolores Krug, Bruce Huffman, Donald Marson, and

Jonathan Supler, bring this putative class action lawsuit against

Focus Receivables Management, LLC ("Focus"), alleging that Focus

violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.

§§ 1692 et seq.  Focus moves to dismiss the Complaint pursuant to

Fed. R. Civ. P. 12(b)(6), and moves to dismiss the class action

allegations.  For the reasons that follow, the Motion will be

denied without prejudice as to the class action allegations, and denied with prejudice in all other respects.

## I.

The Complaint alleges that at various times throughout 2008 and 2009, Focus attempted to collect debts from each individual Plaintiff by leaving them several telephonic voicemail messages. Each of the alleged messages are similar.  Examples include:

- "'Hello, please contact Julie Lewis at 866-918-2469 regarding a personal business matter. Again, that number is 866-918-2469.  Thank you.'" (Compl. ¶ 29)

- "'This message is for-- Bruce Huffman.  This is Miss Mack, I am requesting a call back from you today.  You can contact my office toll-free, 1-888-379-9266; my direct extension is 2001. Again, it is imperative that you do contact my office today.  This is not a sales or solicitation call, contact my office, 1-888-379-9266.'" (Compl. ¶ 37)

- "'Please call Ashley Boyle at 1-877-623-6287. Once again, my number is 1-877-623-6287.  Thank you.'" (Compl. ¶ 47)

- "'Please contact the office of Michelle Murray. I can be reached at 1-800-514-4778.  This is regarding an important business matter.  Again, contact my office at 1-800-514-4778.  Thank you.'" (Compl. ¶ 56)

None of the alleged messages include the words "debt," "collect," or other similar words.

Plaintiffs assert that these messages violate the FDCPA because they fail to disclose (a) Focus's identity; (b) that the call is from a debt collector; and (c) "the purpose or nature of the communication (i.e., an attempt to collect a debt)." (Compl. ¶ 17)

As noted above, Focus moves to dismiss the Complaint.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515

3

F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.

### A.

Focus argues that the alleged voicemail messages do not constitute "communications" under the FDCPA.

The FDCPA states,

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .

15 U.S.C. § 1692e(11).

The FDCPA defines "communication" as "the conveying of information regarding the debt directly or indirectly to any

4

person through any medium." 15 U.S.C. § 1692a(2). According to Focus, none of the alleged messages conveyed information about the debt sought to be collected. Therefore, Focus reasons, Plaintiffs have not alleged a communication prohibited by the FDCPA.

The arguments with regard to this issue are not new to either Plaintiffs' or Defendant's counsel. They recently litigated this very issue before Judge Cavanaugh, who ruled that voicemail messages similar to those alleged here were "communications" within the meaning of the FDCPA. *See Nicholas v. CMRE Financial Servs., Inc.*, No. 08-cv-4857, 2010 U.S. Dist. LEXIS 25373 at *8-12 (D.N.J. March 16, 2010).[1] Specifically, Judge Cavanaugh denied the defendant's motion to dismiss, explaining, "if debt collection serves as the underlying purpose of the messages extended to Plaintiff, then the voicemails constitute an indirect communication in accordance with the definition articulated by 15 U.S.C. § 1692e. . . . Defendant [cannot] obviate liability by encrypting messages otherwise intended to extend communications concerning debt collection." *Id.* at *12.

---

[1] Philip D. Stern, Esq., appearing on behalf of Plaintiff Christine Nicholas; Virginia A. Pallotto, Esq., appearing on behalf of Defendant CMRE Financial Services, Inc.
*Nicholas* was decided after this Motion was fully briefed. Plaintiffs have moved to submit *Nicholas* as supplemental authority. That Motion will be granted.

*Nicholas* joins the substantial weight of authority relying

on the reasoning articulated in *Foti v. NCO Fin. Sys.,* 424 F.

Supp. 2d 643 (S.D.N.Y. 2006):

> the FDCPA should be interpreted to cover
> communications that convey, directly or indirectly,
> any information relating to a debt, *and not just when*
> *the debt collector discloses specific information*
> *about the particular debt being collected.* Indeed, a
> narrow reading of the term 'communication' to exclude
> instances such as the present case *where no specific*
> *information about a debt is explicitly conveyed* could
> create a significant loophole in the FDCPA, allowing
> debtors [sic] to circumvent the § 1692e(11)
> disclosure requirement, and other provisions of the
> FDCPA that have a threshold 'communication'
> requirement, merely by not conveying specific
> information about the debt.

*Nicholas*, 2010 U.S. Dist. LEXIS at *9 (quoting *Foti*, 424 F. Supp.

2d at 657) (emphasis added by this Court); *see also Inman v. NCO*

*Fin. Sys.,* No. 08-cv-5866*,* 2009 U.S. Dist. LEXIS 98215 at *8-9

(E.D. Pa. Oct. 21, 2009) ("This Court finds the *Foti* decision to

be highly instructive, and therefore adopts its reasoning.");

*Wideman v. Monterey Fin. Servs.*, No. 08-1331, 2009 U.S. Dist.

LEXIS 38824 at *5-6 (W.D. Pa. May 7, 2009)(citing, among other

authorities, *Foti*); *Chalik v. Westport Recovery Corp.,* 677 F.

Supp. 2d 1322 (S.D. Fla. 2009) ("Courts generally consider voice

mail messages from debt collectors to be 'communications,' even if

the messages do not state what the calls are regarding"; citing,

among other authorities, *Foti*); *Edwards v. Niagara Credit*

*Solutions, Inc.*, 586 F. Supp. 2d 1346, 1350 (N.D. Ga. 2008)
(holding that "a phone message referencing an 'important matter'
or similar language may be considered a 'communication' under the
FDCPA"; citing, among other authorities, *Foti*)[2]; *Ramirez v. Apex
Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008)
("messages left on a debtor's answering machine can be considered
indirect communications regarding the debt, even if the debt
collector fails to expressly mention that the call pertains to
collection, payment, deadlines or any other observable
characteristics of a collection call.  Any other interpretation
would require a claimant to prove, without exception, that the
debt collector conveyed direct information about the debt.  This
is not what the statute calls for, and this is not the first time
such a narrow interpretation of the statute has been rejected";
citing, among other authorities, *Foti*); *Hosseinzadeh v. M.R.S.
Assocs.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) ("While the
messages may not technically mention specific information about a
debt or the nature of the call, § 1692a(2) applies to information
conveyed 'directly or indirectly.'").[3]

---

[2]  *Affirmed by Edwards v. Niagara Credit Solutions, Inc.*,
584 F.3d 1350 (11th Cir. 2009).

[3]  *But see Biggs v. Credit Collections, Inc.,* No. 07-0053,
2007 U.S. Dist. LEXIS 84793 (W.D. Okla. Nov. 15, 2007)("the
statutory language is oddly narrow. The statutory definition [of
"communication"] does not include messages or communications that

The Court agrees with the *Floti* reasoning and holds that the Complaint alleges "communications" within the meaning of the FDCPA.

In an attempt to circumvent the above-cited cases, Focus futilely argues that "the *Foti* line of cases were decided based on the context in which the messages were placed and received." (Def's Reply Br. at 12)  Focus claims that, because Plaintiffs fail to allege the context in which their messages were received, dismissal is still appropriate.  Judge Cavanaugh rejected this "convoluted" argument, *Nicholas*, 2010 U.S. Dist. LEXIS at *12, and this Court does as well.  Plaintiffs are not required to plead, at the very outset of their case, additional "contextual" facts.  *See id.* ("Defendant seeks to impose an unfounded contextual distinction and heightened pleading standard that is not otherwise required with respect to Plaintiff's FDCPA claim.").

Focus's Motion with respect to this issue will be denied.

**B.**

In a variation of its context argument above, Focus asserts that Plaintiffs' FDCPA claims under §§ 1692e(11) and 1692d(6) fail

---

do not impart (or are not at least intended to impart) information about a debt."). *Biggs* fails to address prior cases holding otherwise even though the opinion suggests that the parties cited those cases.

8

because "nowhere do [Plaintiffs] allege the simple fact of whether any of the plaintiffs had contact with Focus prior to receiving the messages. . . . Plaintiffs never allege whether the messages at issue were attempts to initiate collection efforts <u>or a continuation of prior collection efforts</u>."  (Def's Moving Br. at 19; emphasis in original)  Focus, however, does not explain why this omission matters, other than to vaguely assert that "context" should be "considered" when determining whether the FDCPA's disclosure requirements have been violated.  (Id.)

   Plaintiffs allege that Focus never, in any of its messages, disclosed its name, nor identified itself as a debt collector. This is sufficient to state a claim under both § 1692e(11) and § 1692d(6).  Section 1692e(11) requires a debtor collector to identify itself as a debt collector in both initial and subsequent communications.  *See* 15 U.S.C. § 1692e(11) (prohibiting "[t]he failure to disclose in the initial . . . communication . . . that the debt collector is attempting to collect a debt . . . and the failure to disclose in subsequent communications that the communication is from a debt collector").  Similarly, § 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity."

   The Complaint's allegations are sufficient to give Focus "'fair notice of what the . . . claim[s] [are] and the grounds

9

upon which [they] rest[].'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see* Fed. R. Civ. P. 8(a) (requiring a "short and plain" statement of the claims).

Focus's Motion with respect to this issue will be denied.

## C.

Lastly, Focus asserts that the Court should dismiss the class action allegations because Plaintiffs cannot establish that a class action suit is superior to individual suits. *See* Fed. R. Civ. P. 23(b)(3) ("A class action may be maintained if . . . the court finds [among other things] . . . that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy"). Specifically, Focus argues that because the FDCPA limits damages in class actions to the lesser of $500,000 or 1 per centum of the net worth of the debt collector, but allows up to $1000 per plaintiff in individual private suits, 15 U.S.C. 1692k(a)(2)(B), in this case, individual suits are the superior method because they create the potential for a larger per-plaintiff recovery. In other words, certifying this case as a class action, Focus asserts, will result in only a de minimus per-plaintiff recovery because the potential class could have over 2

million members, based on Focus's own investigation of its records.

Plaintiffs, on the other hand, assert that this issue is not ripe for decision.

The Court agrees with Plaintiffs.  Plaintiffs should be afforded at least an opportunity to seek discovery of facts relevant to Focus's de minimus argument before the Court rules on the issue,[4] and the Court would prefer to decide the issue on a more fully developed record.  *See generally* 7AA Wright, Miller & Kane, Federal Practice and Procedure § 1785.3 ("As a practical matter, the court's [certification] determination usually should be predicated on more than the complaint itself affords."); 5-23 Moore's Federal Practice – Civil § 23.81 ("time for discovery on certification issues will be appropriate in many cases.").

Moreover, many additional factors are relevant to the superiority determination, including

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

---

[4]  Focus argues that no discovery is necessary because "Plaintiffs do not offer anything to dispute the content of" its affidavit stating that the size of the proposed class could be more than 2 million people. (Def's Reply Br. at 5)  The Court fails to see how it can expect Plaintiffs to put forth "anything to dispute the content of" the affidavit when no discovery has taken place.

11

       (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

       (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

       (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D). The parties have not briefed these issues, and for this additional reason, the Court declines to make any superiority determination at this time.

Focus's Motion to Dismiss the class action allegations will be denied without prejudice.


### IV.

For the foregoing reasons, Focus's Motion to Dismiss the class action allegations will be denied without prejudice, and the Motion will be denied with prejudice in all other respects. An appropriate Order accompanies this Opinion.


May 11, 2010                          __s/ Joseph E. Irenas__
                                   Joseph E. Irenas, S.U.S.D.J.