UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DOLORES KRUG, an individual;
BRUCE HUFFMAN, an individual; and
DONALD MARSO, an individual;
JONATHAN SUPLER, an individual;
on behalf of themselves and all others
similarly situated,

          Plaintiffs,

v.

FOCUS RECEIVABLES
MANAGEMENT, LLC, a Georgia
Limited Liability Company; and JOHN
AND JANE DOES NUMBERS 1
THROUGH 50,

          Defendants.

Civil Action No. 09-cv-04310 (JEI-AMD)

**STIPULATION OF DISMISSAL
WITHOUT PREJUDICE**

The undersigned parties, through their respective attorneys, agree and stipulate as follows:

1. <u>Settlement</u>.  The parties have agreed in principal to the core terms of a settlement ("Settlement") which include commencing a class action in the Superior Court of New Jersey, Law Division, Essex County, ("State Court Action") that is substantially similar to this one.  The parties acknowledge, however, that the terms of the Settlement to be submitted in that State Court Action include the satisfaction of certain conditions over which neither party has exclusive control.

2. <u>Intent of the Parties</u>.  It is the intent of the parties that if any of those conditions of Settlement to be submitted in the State Court Action are not satisfied, the parties be

returned to their respective rights and defenses as of the moment prior to the filing of this Stipulation and as if there had been no Settlement.

3. <u>Construction</u>.  This Stipulation is to be interpreted and construed so as to fulfill the Intent of the Parties.  In addition, any circumstances not expressly provided for in this Stipulation should be resolved based on the Intent of the Parties.

4. <u>Dismissal without Prejudice</u>.  In accordance with the foregoing intent, this action is dismissed without prejudice.

5. <u>Failure of Settlement</u>.  Under the terms of the Settlement, Plaintiffs may commence a New Action in this Court based on the allegations in the Complaint filed in this action or the Defendant may reinstate this action should there be a failure to settle in the State Court Action.  If Plaintiffs commence such an action, or if this action is recommenced or reinstated, then each party's positions in that New Action, or in any reinstated action, will be as if this action had never been dismissed and that the two actions were one.

6. <u>Additional Provisions on a New Action or Reinstated Action</u>.  Without limiting the generality of paragraph 5:

    (a).  in response to any New Action, Defendant may assert any and all defenses except the statute of limitations which Defendant expressly agrees to waive except to the extent to which such a defense was available in this initial federal proceeding;

    (b).  Plaintiffs may assert all claims in the New Action that were asserted in this initial federal action, including all individual and class claims, but no new claims are to be asserted; and

(c). A party entitled to recover attorneys' fees and costs in the New Action will be entitled to also assert their attorneys' fees and costs associated with this action.

| | |
|---|---|
| PHILIP D. STERN & ASSOCIATES, LLC<br>Attorneys for Plaintiffs | BUDD LARNER, P.C.<br>Attorneys for Defendant<br>Focus Receivables Management, LLC |
| */s/ Philip D. Stern*<br>_____<br>PHILIP D. STERN | */s/Virginia A. Pallotto*<br>_____<br>VIRGINIA A. PALLOTTO |
| DATED: December 10, 2010 | DATED: December 17, 2010 |

841146.doc

SO ORDERED:

*[signature]*, S.U.S.D.J

12/21/10

3